FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

2015 MAR 23 PM 9: 47

BY_____

| | |
|---|---|
| SHIRLEY A. HIRSHAUER<br>650 W. Pope Road - Unit 266<br>Saint Augustine, Florida 32080<br><br>and<br><br>JAMES A. GERBEN, JR.<br>650 W. Pope Road - Unit 266<br>Saint Augustine, Florida 32080<br><br>and<br><br>RANDY W. GERBEN<br>1836 Cremen Road<br>Pasadena, Maryland<br><br>and<br><br>JASON W. GERBEN<br>8111 Main Creek Road<br>Pasadena, Maryland<br><br>       Plaintiffs<br><br>v.<br><br>JUDGE THOMAS G. ROSS<br>Queen Anne's County Circuit Court Judge<br>100 Court House Square<br>Centreville, Maryland  21617<br><br>and | CASE NO:  *CCB 15 - 832*<br><br>JUDGE:<br>MAGISTRATE:<br><br><br>**VERIFIED COMPLAINT FOR<br>DECLARATORY AND INJUNCTIVE<br>RELIEF** |

-1-

BROOKE SCHUMM, III
Attorney at Law
One North Charles Street - Suite 2450
Baltimore, Maryland 21201

and

THE ESTATE OF GERALDINE GRAY
c/o Wanda Clemons
117 Charlotte Road
Clearville, Pennsylvania 15535

and

TERRY BRUMWELL
7630 Brown Road
Pasadena, Maryland 21122

and

ALICE HALL
918 Martha's Vineyard Road
Pasadena, Maryland 21122

and

ELIZABETH O'SHEA
4276 New 89th Street - Apt. 101
Coral Springs, Florida 33065

Defendants

For their causes of action against these Defendants, Plaintiffs state:

## I. INTRODUCTION

1. This case is brought pursuant to 42 U.S.C. § 1983. Plaintiffs seek to permanently enjoin these

Defendants and those acting in concert with them, who are acting under color of law, from continuing to

deny to Plaintiffs their rights secured by the Fifth Amendment and Fourteenth Amendment to the

Constitution of the United States; and by Article 2 of the Maryland Constitution which states:

> Art. 2. The Constitution of the United States, and the Laws made, or which
> shall be made, in pursuance thereof, and all Treaties made, or which shall be
> made, under the authority of the United States, are, and shall be the Supreme
> Law of the State; and the Judges of this State, and all the People of this
> State, are, and shall be bound thereby; anything in the Constitution or Law of
> this State to the contrary notwithstanding

Plaintiffs seek to enjoin illegal conduct pursuant to the practice of the Defendants in the continuation

of a policy, pattern, and custom and practice of denying to Plaintiffs equal protection of the law and

due process which is guaranteed by the Fourteenth Amendment to the Constitution of the United States.

2. Queen Anne's County Circuit Court Judge Thomas G. Ross and the other Defendants violated the

Supremacy Clause and the Full Faith and Credit Clause of the United States Constitution; and Article 2 of

the Maryland Constitution, by acting in concert to abrogate and nullify the decisions of the U.S. Bankruptcy

Court and the U.S. District Court of the Middle District of Florida. The Defendant violated Plaintiffs' right

to due process by taking actions in violation of the Bankruptcy Court's automatic stay provision. The

Defendants violated the right to due process of Plaintiffs by taking actions in violation of the principles of

res judicata and issue preclusion. The Defendants further violated the Maryland Civil Rules of Procedure

in filing and engaging in ex parte communications, submissions, and issuing orders.

## II. THE PARTIES

3. Plaintiff Shirley Hirshauer is the former owner of Cache House Assisted Living, LLC located at 758

209th Street, in the City of Pasadena, County of Anne Arundel, State of Maryland. At all times material

hereto, Plaintiff is a citizen and resident of the State of Florida, owned no property in the State of

Maryland, and maintained no minimum contacts in the State of Maryland.

4. Plaintiffs James A. Gerben, Jr., Randy W. Gerben, and Jason W. Gerben are the adult sons of

Plaintiff Hirshauer.   James A. Gerben, Jr., is an adult resident and citizen of the State of Florida.  Plaintiffs Randy W. Gerben and Jason W. Gerben are adult residents and citizens of the State of Maryland.   Each son was the recipient of a deed of transfer of an undivided interest to 47 acres of real property located at 1211 Busic Church Road, in Anne Arundel County, State of Maryland.

5.  Defendant Judge Thomas G. Ross is the duly appointed Judge of the Queen Anne's County Circuit Court.  Queen Anne's County Circuit Judge Thomas G. Ross has been administrative judge for the 2nd Judicial Circuit since April 2009. He was appointed to the bench and named administrative judge for Queen Anne's County in January 2004.

6.  Defendant attorney Brooke Schumm, III is duly licensed to practice law in the State of Maryland. As such, he is the legal representative of the Estate of Geraldine Gray, and the individual children of Geraldine Gray.

7.  Defendant Wanda Clemons is the daughter of Geraldine Gray.  Defendant Clemons was acting individually and as personal representative of the Estate of Geraldine Gray.  She also represented Geraldine Gray's seven other children: Terry Brumwell, Alice Hall, Elizabeth O'Shea, Patricia Plews, Christine Laumann, Michael Gray and Wayne Gray.  Defendants Terry Brumwell, Alice Hall, Elizabeth O'Shea are adult residents of Maryland and Florida, respectively.  Each possesses a writ of execution upon which they have levied against Plaintiffs' real property in violation of Plaintiffs' civil rights as described below; and for which they are continuing in the immediate future this process of unconstitutional deprivation of Plaintiffs' real property and civil rights.

### III. JURISDICTION

8.  This Court has subject matter jurisdiction over this action by virtue of 28 USC §1331, as this is a civil action in which Plaintiff raises federal questions which arise under the Constitution and laws of the

-4-

United States.

9.  This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act of 1934, 28 U.S.C. § 2201, *et seq.*

10.  Jurisdiction is further invoked pursuant to 28 U.S.C. §1343 (a) which provides the district court with jurisdiction of any civil action authorized by law to be commenced by any person: (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights....

## IV. VENUE

11. Venue is proper in this district pursuant to the provisions of 28 U.S.C. § 1391(a)(1) and (2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Maryland, Northern Division and because Defendants reside, are found, and/or transact their affairs in the District of Maryland.  Therefore, jurisdiction and venue in this Honorable  Court is just and proper.

## V. FACTUAL BACKGROUND

12.  Plaintiffs  request that this Honorable Court take judicial notice of the docket, decisions, and briefs filed in  the following cases:

17C06011809  Queen Anne's County Circuit Court Recorded Judgment Closed/Inactive 08/07/2006 *Terry Brumwell vs. Shirley Hirshauer*

17C06011769 Queen Anne's County Circuit Court Other Civil Closed/Inactive 07/18/2006 *Wanda Clemons, et al vs. Shirley Annette Hirshauer, M.A., et al*

02C04100894 Anne Arundel County Circuit Court PM CLOSED / INACTIVE 09/28/2004 *Wanda Clemons, Et Al  vs. Cache House Assisted Living, Et Al*

*In re Gerben, 2014 Bankr. LEXIS 2757 (Bankr. M.D. Fla., June 20, 2014),* at page 7, wherein the Florida bankruptcy court stated that it "is baffled by the Maryland courts' holdings that the writs of levy established liens on the Property despite the fact that the Property was not owned by Mrs. Hirshauer at the time the writs were entered and despite the fact that the Court found that the Property was not fraudulently transferred". *In re: James Gerben, Jr., Debtor, Case No. 3:13-bk-1820), 2014 Bankr. LEXIS 2757 (M.D. Fla., 2014),*

*Atwater v. Hirshauer (In re Hirshauer), 2011 U.S. Dist. LEXIS 32987 (M.D. Fla., Mar. 28, 2011)*
In re: Shirley Hirshauer, Debtor. Gregory L Atwater, As Chapter 7 Trustee, Plaintiff, *Wanda Clemons, et at, Plaintiffs v. Shirley Hirshauer, et al., Appellees.* Case No. 3:10-cv-198-TJC (U.S.D.C., M.D.FL) *2010 U.S. Dist. Ct. Briefs 809732; 2010 U.S. Dist. Ct. Briefs LEXIS 455;* June 4, 2010, Initial Brief: Appellee-Respondent

13.    During September, 2004, a wrongful death action was filed against Plaintiff and Cache House

Assisted Living, LLC in the Circuit Court for Anne Arundel County, Maryland by Defendant Clemons,

who was the daughter of Geraldine Gray, acting individually and as personal representative of the Estate of

Geraldine Gray, et al.

14.    On November 5, 2004, Plaintiff Hirshauer legally and properly transferred 47 acres of real

property located at 1211 Busic Church Road in Queen Anne's County to her three sons Plaintiffs James A,

Gerben, Jr., Randy W. Gerben, and Jason W. Gerben. On November 9, 2004, the wrongful death

complaint was served on Plaintiff and Cache House Assisted Living, LLC. On December 3, 2004, the deed

for the Property was recorded. See: *In re: James Gerben, Jr., Case No. 3:13-bk-1820), 2014 Bankr. LEXIS 2757 (M.D. Fla., 2014),* pg. 1

15.    On December 10, 2004, Plaintiff Hirshauer filed a handwritten response to the complaint filed

in the wrongful death action, which was treated as an answer.

16.    On April 1, 2005, Plaintiff Hirshauer filed a Chapter 13 bankruptcy petition in the United

States Bankruptcy Court, District of Maryland. The Chapter 13 petition stayed the wrongful death

action. On the Schedule F, Plaintiff listed unsecured non-priority claims totaling $ 144,887.00,

including the wrongful death action, which she listed as a disputed claim of $ 100,000.00. On her

Schedule I, Plaintiff Hirshauer listed her marital status as single. She did not list the transfer to her sons of the Busic Church Road property on her Statement of Financial Affairs.

17.    In 2005, Plaintiff Hirshauer relocated to Florida. Upon relocation, she notified the Anne Arundel County Court and the Estate regarding her relocation, and informed the parties that she would return to Maryland if any proceeding required her presence. Several months after the relocation, Plaintiff received a notice in the mail at her new Orange Park, Florida home, notifying her that a default judgment had been entered against her in the wrongful death action. When Plaintiff inquired as to what occurred, she learned that counsel for the Estate sent her notice of appearance in the wrongful death action to an address which belonged to Plaintiff's husband, Lou Hirshauer, who was not authorized to receive service of process. Prior to the relocation, Lou Hirshauer's address had never been used in any filing or proceeding regarding the wrongful death action.

18.    On July 14, 2006, the Anne Arundel Court ordered judgment in favor of the Estate. Ms. Clemons, as the representative of Ms. Gray's estate, was awarded $400,000.00 and each of Ms. Gray's eight children received an individual award of $100,000.00, for a total of $1,200,000.00.

19.    On July 18, 2006, the Estate filed a complaint to avoid the transfer of the Property in the Queen Anne's County Circuit Court. On August 7, 9, and 14, 2006, Ms. Hall, Ms. O'Shea, and Ms. Brumwell, respectively, recorded their judgments in the Queen Anne's Court.

20.    On August 7, 10, and 24, 2006, Defendants Brumwell, Hall, and O'Shea, respectively, filed Requests for Writ of Execution on Real Property-Levy in the Queen Anne's Court by which they sought an immediate writ of execution and levy of the Property by the Sheriff in order to satisfy their judgments against Plaintiff Hirshauer.

21.    On August 15, 2006, in response to Defendant Brumwell's request, Defendant Judge Ross

issued a Writ and Order Upon Request for Writ of Execution on Real Property Levy directing the

Sheriff to levy upon the Property by "entering a description of the [P]roperty upon a schedule and by

posting a copy of the writ and the schedule in a prominent place on [the Property]."   This notice placed

upon the property was the extent of any notification of the procedures that were about to take place.  No

notice was provided directly to Plaintiff..  The opposing parties did not contact Plaintiff Hirshauer

directly or indirectly by regular first class mail, certified mail, or by electronic means.  None of

Plaintiff's sons were contacted directly.  Plaintiff Hirshauer had no knowledge of these events.

22.  On August 15, 2006, Judge Ross issued a similar order in response to Defendant Hall's request,

providing that any party contesting the levies must file a motion in opposition within thirty

days. The dockets reflect a sheriff's certificate of posting on the property on Aug.18, 2006 as to the

levies of Defendants Hall and Brumwell. Defendant O'Shea's levy was executed on January12, 2007.

23.  On September 13, 2006, Plaintiff's three sons Plaintiffs James A, Gerben, Jr., Randy W.

Gerben, and Jason W. Gerben filed Motions to Release Real Property in Response to the Writs. On

September 28, 2006, Judge Ross issued an Order Regarding Stay of Execution with respect to the writs

of execution and levy proceedings initiated by Defendants Hall, O'Shea, and Brumwell, vacating the

execution and levies issued on the property until further order.

24.  On December 20, 2006, Judge Ross conducted a hearing on the Motion to Release Real

Property in Response to the Writs.   On January 22, 2007, Judge Ross denied the Motion for Release of

the property from the levy.

25.  On March 16, 2007, Judge Ross conducted a trial on the Fraudulent Transfer Action.

26.  Yet, on June 19, 2007, prior to any decision by Judge Ross, the Estate and Geraldine Gray's

eight individual children filed an involuntary Chapter 7 bankruptcy petition against Plaintiff Hirshauer,

forcing Plaintiff into the involuntary bankruptcy, in the Middle District of Florida, Jacksonville Division, which resulted in an automatic stay on all litigation.

27.   In violation of that automatic stay, on July 27, 2007, Defendant Judge Ross entered a Judgment in the Fraudulent Transfer Action finding that Plaintiff transferred the subject real property to her three sons with intent to defraud, delay, and hinder the Estate and Mrs. Gray's children and voided such transfer as fraudulent.

28.   On August 6, 2007, Judge Ross received a letter from Plaintiff Hirshauer and her 3 sons advising him of Plaintiff Hirshauer's bankruptcy filing and requesting that the court strike the Fraudulent Transfer Judgment *nunc pro tunc*, which request was denied. Yet, on September 20, 2007, Defendant Judge Ross displayed a modicum of respect to the Bankruptcy Court, which bankruptcy was involuntarily forced upon the Plaintiff, and stayed the proceedings relating to Plaintiff.

29.   On November 8, 2007, the Florida bankruptcy court entered an order for relief in Plaintiff Hirshauer's case.  In July of 2008, the Trustee commenced an adversary proceeding in an effort to determine that: 1) the Fraudulent Transfer Judgment was not obtained in violation of the automatic stay and therefore was not void; (ii) alternatively, even if the Fraudulent Transfer Judgment was obtained in violation of the automatic stay, it was not void as to the three sons; and iii) the Property was property of the bankruptcy estate to be administered by the Trustee. See: *Atwater v. Hirshauer (In re Hirshauer), 2011 U.S. Dist. LEXIS 32987 (M.D. Fla., Mar. 28, 2011)*

30.   On Sep. 3, 2009, the Florida bankruptcy court found that Judge Ross' Fraudulent Transfer Judgment violated the automatic stay, was void as to Plaintiff Hirshauer and her three sons; and further found that the transfer of the Property was neither actually nor constructively fraudulent. The bankruptcy court denied all relief to the trustee.  The court made no findings or determinations as to the validity or effect of the levies.

31. On September 15, 2009, Judge Ross received a letter from Plaintiff Hirshauer with a copy of the Florida bankruptcy court's Findings of Fact and Conclusions of Law and Judgment, requesting that it dismiss the Defendants Clemons, O'Shea, Hall, and Brumwell's cases against her.

32. On November 19, 2009, Judge Ross again received a similar request in the from of a letter from Plaintiff Hirshauer. Judge Ross noted on both letters that he would take no action and also noted on the second letter that the cases remained active but stayed by bankruptcy.

33. By an Order dated March 28, 2011, the U.S. District Court affirmed the Florida bankruptcy court's September 3, 2009 Findings of Fact and Conclusions of Law. In affirming, the U.S. District Court stated that "[the Fraudulent Transfer Judgment] remains viable as to the Gerbens only if [Mrs.] Hirshauer, as grantor of the Property, was not a necessary party to the [Fraudulent Transfer Action]."

34. On July 6, 2011, the Florida bankruptcy court entered a discharge in Plaintiff's case. On July 22, 2011 Plaintiff Hirshauer filed a motion in Judge Ross' Court seeking damages against Mrs. Gray's children and their attorneys for the expenses she incurred in defending lawsuits regarding the property which Judge Ross denied by Order dated August 3, 2011, stating therein:

> The judgments which were entered by the [Anne Arundel Court] ... are and were entitled to full faith and credit under the *U.S. Constitution, art. iv, sec. 1*. Under *section 524 of the Bankruptcy Code*, the Debtor may discharge *personal liability* on those judgments, but the underlying existence of those judgments may not be disputed. No judgment in any amount was "entered for [Mrs. Hirshauer]."

35. Defendant Judge Ross also noted that "no relief was entered by" the court in favor of Mrs. Hirshauer "with respect to the liens established in the [Queen Anne's Court] by writs of levy entered in August, 2006 and December, 2006, more than 90 days prior" to the filing of Plaintiff Hirshaur's bankruptcy case. Quoting *§ 524(e) of the Bankruptcy Code*, Judge Ross stated "the discharge of a debt of the debtor does not affect the liability of any other entity on, or the property, of any other entity for,

such debt." Finally, Judge Ross ordered; "[t]he liens established in [Queen Anne's] County pursuant to the Sheriff's levies on the [Property], which is not owned by [Mrs.] Hirshauer, which levies were pursuant to three of the judgments entered in Anne Arundel County, Maryland in favor of Clemons [p]laintiffs O'Shea, Hall and Brumwell, shall remain in effect."

36. On October 20, 2011, Geraldine Gray's children, Defendants O'Shea, Hall, and Brumwell, filed a Motion to Enlarge Time to Sell Property or in the Alternative, Request for Instruction to Sheriff to Schedule Sale to which Plaintiffs and the Gerbens filed an opposition. On November 14, 2011, Plaintiff and the Gerbens Plaintiffs filed a Motion to Vacate [the Fraudulent Transfer Judgment] as well as a Motion to Dismiss or in the Alternative Enter Summary Judgment in their favor.

37. On December 20, 2011, Defendant Judge Ross conducted a hearing on the Motion to Enlarge and the Motion to Vacate. On December 26, 2011, Judge Ross entered an order denying the Motion to Vacate (the "December, 2011 Order"). The December, 2011 Order again stated that Plaintiff's discharge "neither discharges her *in rem* liability nor, in any way, affects the personal or *in rem* liability of third parties." Defendant Judge Ross also found that the judgment liens remained effective and that the bankruptcy proceedings had no res judicata effect with respect to the liens.  Judge Ross stated "it is unnecessary to vacate the [Fraudulent Transfer Judgment] in order to rule on these motions. The [Fraudulent Transfer Judgment] was determined by [this Court] to have been void as violating the automatic stay. The judgment liens, however, were merely stayed, first by order of this court, and then by the bankruptcy proceedings."

38. On January 9, 2012, the Gerbens Plaintiff and Plaintiff filed a Motion to Reconsider the December, 2011 Order, which Defendant Clemons opposed.

39. On Jan. 31, 2012 Judge Ross denied the Motion to Reconsider the December, 2011 Order.

40. On February 21, 2012, Plaintiffs appealed the December, 2011 Order to the Court of Special Appeals of Maryland. Because the appeal was timely filed only with respect to the January 31, 2012 order denying the Motion to Reconsider, the appeal was dismissed "as to all orders, opinions, and matters ... except for the Order Denying Motion for Reconsider" entered on January 31, 2012.

41. On March 27, 2013, Plaintiff James A. Gerben, Jr., filed a Chapter 13 bankruptcy petition. On April 9, 2013, in a 28 page opinion, the Court of Appeals affirmed the Queen Anne's Court's order denying the Motion for Reconsideration and held that the bankruptcy court proceedings have no res judicata effect with respect to the liens.

42. On May 20, 2013, as a result of a suggestion of bankruptcy, Judge Ross entered an Order Staying Proceedings in the case of Ms. Brumwell vs. Mrs. Hishauer.

43. Thereafter, Ms. O'Shea, Ms. Hall, and Ms. Brumwell sought a Sheriff's sale of the 2/3 tenancy in common interests of Randy W. Gerben and Jason W. Gerben in the Property to which Plaintiff filed a series of motions objecting. On October 29, 2013, the 2/3 tenancy in common interests of Randy W. Gerben and Jason W. Gerben were sold at the Sheriff's Sale, to satisfy a debt owed by Plaintiff.

44. On February 12, 2014, Judge Ross denied the various motions filed by Plaintiff Hirshauer to stop the sheriff's sale.

45. On February 21, 2014, Defendant Judge Ross entered Order Ratifying Sheriff's Sale of [the Property], and overruling Plaintiff Hirshauer's opposition.

46. After the sale was ratified, the 2/3 tenancy in common interests of Randy W. Gerben and Jason W. Gerben were conveyed by Sheriff's deed. Plaintiff Hirshauer then filed another motion to stay any further action which was denied by Judge Ross on March 20, 2014.

47. Judge Funk of the Florida bankruptcy court was clearly "baffled by the Maryland courts'

holdings that the writs of levy established liens on the Property despite the fact that the Property was not owned by Mrs. Hirshauer at the time the writs were entered and despite the fact that the Court found that the Property was not fraudulently transferred." See *In re: James Gerben, Jr., Debtor, Case No. 3:13-bk-1820, 2014 Bankr. LEXIS 2757 (M.D. Fla., 2014), (particularly page 7).*

48.   The levy placed upon the 47 acres of real property for Plaintiff Hirshauer's debt did not create a lien and did not sever the joint tenancy held by the Gerbens because at the time the levies were placed upon the real property, Plaintiff did not have an ownership interest in the subject property.  Defendant Judge Ross and the other Defendants violated the automatic stay by allowing sale of Randy W. Gerben's and Jason W. Gerben's interests in the 47 acres for Plaintiff's debt.

49.  On October 29, 2013, the 2/3 tenancy in common interests of Randy W. Gerben and Jason W. Gerben were sold at the Sheriff's Sale.

50. After the sale was ratified, the 2/3 tenancy in common interests of Randy W. Gerben and Jason W. Gerben were conveyed by Sheriff's deed. Plaintiff then filed another motion to stay any further action which was denied by Judge Ross on March 20, 2014.

51. The levy placed upon the 47 acres of real property for Plaintiff's debt did not create a lien and did not sever the joint tenancy held by the Gerbens because at the time the levies were placed upon the real property, Plaintiff did not have an ownership interest in the subject property.  The debt owed by Plaintiff could not legally be satisfied by levies upon property owned by Plaintiff's sons, transferred through non-fraudulent means.  Yet, the Defendant Schumm and Clemons, and those acting in concert with them,  were playing with the justice system in both the Maryland state courts and the U.S. District Court for the Middle District of Florida.   These Defendants were selecting those rulings that they found favorable. Defendants Schumm and Clemons had a friend in Defendant Judge Ross who was willing to

accommodate them. This conduct "baffled" the federal court judges in Flordia, where Defendants Schumm and Clemons chose to litigate. When these Defendants received decisions that were adverse to their interests, they moved engaged in using the favorable justice system with Judge Ross.

52. The trial court violated the automatic stay by allowing sale of Randy W. Gerben's and Jason W. Gerben's interests in the 47 acres. By the entry of its July 10, 2013 Order Modifying Stay Order of May 20, 2013 as to Randy W. Gerben and Jason W. Gerben, Judge Ross has violated Plaintiff's constitutional rights.

53. In the ex parte application for writs of execution on the farm Attorney Schumm requested Judge Ross to determine that Plaintiff had fraudulently transferred the real property to her three sons. Res judicata applies, as issue has been fully litigated and a decision on the merits was rendered in the U.S. Bankruptcy Court, Middle District of Florida, that the transfer of the real property was not fraudulent. See: *In Re: Shirley Hirshauer, Debtor. Gregory L. Atwater, as Chapter 7 Trustee, Plaintiff, Wanda Clemons, Et. Al, Plaintiffs, vs. Shirley Hirshauer, Et. Al, Appellees.* 2011 U.S. Dist. Lexis 32987 (M.D. FL) Case No. 3:10-cv-198-tjc

54. In the State of Maryland, the doctrine of *res judicata* is defined in *Rowland v. Harrison, 320 Md. 223, 229, 577 A.2d 51 (1990).* In the bankruptcy case, as in the state court action: (1) the parties are the same as the parties to the earlier dispute; (2) the issue presented is identical to the one determined in the prior adjudication; and, (3) there was a final judgment on the merits in the initial action.

55. Attorney Schumm and his clients failed to properly serve Plaintiff or the Gerben sons, and were not properly given notice of a hearing, and were denied due process. No actions taken by Schumm and his clients vested Judge Ross with jurisdiction over the person or property of Plaintiff.

56. Judge Ross violated Maryland Civil Rule 1-351(b) by issuing an order in the total absence of

-14-

all jurisdiction upon an Schumm's ex parte application. Judge Ross illegally approved this request, ex parte, and found Plaintiff had fraudulently transferred the subject real property consisting of a 47 acre farm to her sons.

57. Then, in the absence of all authority to do so, Defendant Schumm requested that the Queen Anne County Sheriff levy the writs of execution on the farm, which the Sheriff did. The writs of execution are in the name of Plaintiff, though the subject real property is not titled to Plaintiff. The actions of the Sheriff were void at the time that they were taken, and are void to this day.

58. The Sheriff and Defendant Schumm willfully refused to serve by regular U.S. Mail or certified mail any of the documents to Plaintiff or to her three sons, as is required by Maryland Civil Rule 2-642(d). Defendant Schumm failed to follow even the most basic and fundamental requirements of execution of the jurisdictionally void writs, by ignoring the mandates of Md. Civil Rule, 2-115(b) requiring that writs of execution must attach to the complaint and if the plaintiff fails to prove what is alleged in the complaint the writs of execution must be dissolved MD Rule 2-115(j). Md. Civ.Rule, 2-115(c) also requires that a plaintiff must present a bond before the clerk issues the writs of execution. Defendant Schumm and Defendant Clemons failed to do this.

59. One month later, after being deprived of jurisdiction, on July 19, 2007 Judge Ross ruled that the transfer of the 47 acres of real property was a fraudulent transfer. In the absence of all jurisdiction, Judge Ross ordered that the deed from Plaintiff to the Gerbens was void, and allowed the Brumwell Party to proceed with levy. All actions that were taken in aid of execution are void. Even after the attorney for the three Gerben sons informed Judge Ross of the bankruptcy stay, Judge Ross continued to approve all the filings of Defendant Schumm in the absence of all jurisdiction. Only after granting all of Defendant Schumm's motions, did Judge Ross cease actions in absence of jurisdiction. Each of his

rulings in the 4 Maryland Cases, 06-11769, 06-11800, 06-11808 and 06-11809 are void from June 19,

2007 to the present, i.e., the date Defendants placed Plaintiff into an involuntary bankruptcy.

60. In Plaintiff's involuntary bankruptcy, the Trustee filed an adversary proceeding to determine the

same issues relating to fraudulent conveyance as the Brumwell Party filed in Case No. 06-11769,

accusing Plaintiff of fraudulently transferring the subject farm to the Gerben Party. Trustee Atwater also

named the Plaintiff's 3 sons and the Estate represented by Wanda Clemons as defendants. Rather than

defend, Defendant Clemons entered into a stipulation with the Trustee, giving the Trustee ownership of

the Brumwell Party's levies, whether valid or not. If the levies were collectable the Brumwell Party

would receive the monies derived from the sale of the subject farm. Defendant Schumm then falsely

informed Judge Ross that the stipulation was not approved by Bankruptcy Judge Jerry A. Funk.

Defendant Schumm joined case 08-00178 working in concert with Trustee Atwater. Schumm admitted

evidence, filed motions and testified as a witness.

61. U.S. Bankruptcy Court Judge Jerry A. Funk issued an Order holding that the 47 acre transfer

was not fraudulent and the deed to Plaintiff Hirshauer's 3 sons could not be avoided. Trustee Atwater

and Defendant Wanda Clemons, on behalf of the Estate, appealed Judge Funk's ruling to U.S. District

Court Judge Timothy J. Corrigan of the Middle District of Florida. Defendant Schumm submitted

briefs and participated in the appeal hearing. Judge Corrigan affirmed Judge Funk's ruling that Plaintiff

did not fraudulently transfer the farm. See Plaintiff's Exs. 1 and 2, certified copies of the judgments of

the U.S. District Court, Middle District of Florida, attached hereto. See: *In Re: Shirley Hirshauer,*

*Debtor. Gregory L. Atwater, as Chapter 7 Trustee, Plaintiff, Wanda Clemons, Et. Al, Plaintiffs, vs.*

*Shirley Hirshauer, Et. Al, Appellees.* 2011 U.S. Dist. Lexis 32987 (M.D. FL) Case No. 3:10-cv-198-tjc

62. Further, individual children of Geraldine Gray filed an adversary proceeding in Plaintiff's

involuntary bankruptcy, Adv. Pro. case No. 08-00036. The adversary proceeding, objecting to discharge, was based upon Defendants' claimed levies on Plaintiff's property that Plaintiff Hirshauer had legally and properly transferred to her 3 sons. The adversary proceeding was without merit, and Plaintiff received a discharge of all her pre-bankruptcy debts in July 2011, which included the debt she owed to the Defendant children, upon which the writs of execution were based.

63. After Plaintiff Hirshauer's discharge of the Defendant Estate's children's debt, in violation of the automatic stay, and in violation of the principles of res judicata and collateral estoppel, the Defendants again challenged the rulings of the bankruptcy court and U.S. District of Florida by asking Defendant Judge Ross to find that Plaintiff Hisrhauer fraudulently transferred the farm. Defendants sought extension of time on the writs and requested permission to sell the farm. This was all based upon a debt that had been extinguished in the federal court system, in a full and fair hearing in which all parties had a meaningful opportunity to be heard, and in which each Defendant fully participated. That alleged debt that was again taken to Judge Ross was a debt that Plaintiff Hirshauer no longer owed as the result of the bankruptcy discharge.

64. Defendant Judge Ross ruled on July 18, 2007 that Plaintiff Hirshauer had not violated Maryland Rule 15-205. Defendant Schumm conspired with Defendant Judge Ross, over 4 years later, to reverse this ruling and find that Plaintiff had violated Maryland Civil Rule 15-205.

65. Based upon these extreme deviations and violations of Maryland law, and the total disregard for due process and the full faith and credit of the decisions of the U.S. District Court and the Bankruptcy Court in the Middle District of Florida, Plaintiffs have suffered the loss of their constitutional rights relating to the disposition and ownership of their property. Defendants also took the affirmative step in denying Plaintiff the opportunity to provide her property to her sons, which was a

-17-

complete, open and obvious denial of Plaintiffs' right to substantive due process of law.   Plaintiffs

were deprived of their real property and will be deprived of their real property within the immediate

future as the direct result of a denial of their right to procedural due process; which was based upon

Plaintiffs' denial of substantive due process; and, denial of Plaintiffs' right to the equal protection of the

law.  Plaintiffs possessed a constitutionally protected property interest in the subject 47 acres of land on

Busic Street Road of which Plaintiffs could not have be removed, of had the right revoked, or altered

without due process of law.

## VI. DENIAL OF DUE PROCESS RIGHTS

66.  Plaintiffs incorporate by reference all of the allegations and statements made in ¶ ¶ one

through 65 as though fully rewritten herein.

67.  Defendant Judge Ross, and Attorney Brooke Schumm, III, and the Estate of Geraldine Gray,

and the individual Defendants have refused to provide Plaintiffs with Due Process as guaranteed by the

U.S. Constitution.  The rationale for granting procedural protection to an interest that does not rise to

the level of a fundamental right lies at the very heart of our constitutional democracy: the prevention of

arbitrary use of government power.

68.  Plaintiffs has been deprived of their real property and will be further deprived of additional

real property located at 1211 Busic Church Road, as guaranteed [by the Fourteenth Amendment], which

includes the right to engage in any of the common privileges... and generally to enjoy those privileges

long recognized . . . as essential to the orderly pursuit of happiness by free men.   It is a purpose of the

constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

Property interests . . . are created and their dimensions are defined by existing rules or understandings

that stem from an independent source such as state law - rules or understandings that secure certain

benefits and that support claims of entitlement to those benefits." This analysis is applicable to the case of Plaintiff as both substantive and procedural due process violations have deprived Plaintiff of a protected constitutional interest, and the deprivation is "arbitrary in the constitutional sense. "

69. Defendants participated in an uncharacteristic systematic departure from the parameters of justice and deprived the Plaintiffs of their property, in Defendants making decisions to ignore the decision of the Bankruptcy court and the District Court of the Middle District of Florida. This decision was made with a willful disregard of actual information received, and cannot be binding as a matter of fundamental fairness and due process. An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circum-stances, to appraise Plaintiff of the pendency of the action against her and afford her an opportunity to present objections Defendants have denied Plaintiff that opportunity by denying due process.

70. The Due Process Clause of the Fourteenth Amendment to the United States Constitution "provides that certain substantive rights - life, liberty, and property - cannot be deprived except pursuant to constitutionally adequate procedures." Plaintiffs have a property interest entitled to due process protection. " "One aspect of substantive due process is the right to be free of 'arbitrary and capricious' action by government actors. These Defendants, under color of law, have violated Plaintiff Hirshauer's right to freely transfer her property in accordance with the ruling of the Bankruptcy Court and the U.S. District Court of the Middle District of Florida, which judgments have been transferred to this Honorable Court.

71. As the process to which Plaintiffs is due means the process employed must be one that is actually designed to allow Plaintiff to reasonably accomplish her interest in protecting her property rights. Plaintiffs' interest sought to be protected by the Fourteenth Amendment requires a balancing of

interests in giving proper respect to the process in which Defendants fully participated, according to established procedures, and the substance of the rule of law.  But this is what the Defendants purposefully refused to do, thereby depriving Plaintiffs of their constitutional rights.

## VII. DENIAL OF EQUAL PROTECTION OF THE LAW

72. Plaintiffs incorporate by reference all of the allegations and statements made in ¶¶ one through seventy one as though fully rewritten herein.

73. Plaintiffs'claim of denial of equal protection of the law is based upon the Maryland Constitution and the 14th Amendment of the Constitution of the United States. *Olech v. City of Willowbrook* 528 U.S. 562 (2000)  As such, Plaintiff alleges the equal protection violation in asserting that state action was motivated solely by a "'spiteful effort to "get" her for reasons wholly unrelated to any legitimate state objective.'"  *Olech v. City of Willowbrook* 160 F.3d 386, 387 (7th Cir.1998) (quoting *Esmail v. Macrane*, 53 F.3d 176, 180 (7th Cir. 1995)).  The Equal Protection Clause gives rise to a cause of action on behalf of a "class of one" where Plaintiff does not allege membership in a class or group.

74. The Equal Protection claim, as alleged by Plaintiffs as a "class of one," is based upon the fact that Plaintiffs have been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Defendants have violated  the purpose of the equal protection clause of the Fourteenth Amendment which is to secure every person, including Plaintiffs, within the State of Maryland's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.

75. Plaintiffs were intentionally treated differently from other similarly situated individuals

without any rational basis. Plaintiffs were intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose - whether personal or otherwise - is all but certain. No rational person could regard the circumstances of the Plaintiffs to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy and the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the Defendants acted on the basis of a mistake.

76. In fact, in previous cases, Defendant Schumm in *Baron Financial Corp., v. Rony Natanzon, et al.* Civil Action No. SKG 03-CV-3563 in the U.S. District Court for the District of Maryland, Baltimore Division, 2003 U.S.Dist. Ct. Motions 688465; 20007 U.S. Dist. Ct. Motions LEXIS 133979, in a Motion for Summary Judgment signed by Defendant Schumm,

77. The Maryland Supreme Court, when joined with the conduct of Judge Ross and his co-horts, resulted in retribution against the Plaintiffs for their conduct in attempting to assert her constitutional rights. The conduct which was intentionally demanded of Plaintiff was very different from the standard of conduct demanded of other similarly situated attorneys.

78. The judgment of Defendant Ross, in disregarding the Middle District of Florida, was "irrational and wholly arbitrary" and amounted to the obstruction of justice.

79. Defendant Schumm's "subjective ill will." was translated into irrational and wholly arbitrary conduct which created a "class of one" containing only Plaintiff Hirshauer, or a small class containing only 4 Plaintiffs, but " the number of individuals in a class is immaterial for equal protection analysis." *Olech* supra, and *Howard  v. Grinage* 82 F.3d 1343 (6th Cir. 1996).

80. Plaintiff Hirshauer had the right to rely upon res judicata and claim preclusion, as held by the Judge Funk of the U.S. Bankruptcy Court of the Middle District of Florida.  Each Plaintiff was treated

differently from all other litigants similarly situated.  Each Plaintiff was denied access to the basic constitutional right of the equal protection of the law.

81.  The Equal Protection clause of the Fourteenth Amendment guarantees that all person similarly situated will be treated alike by the government and the law.  Plaintiffs have not been treated like all persons similarly situated. Plaintiff provides the following example in proof of this statement.

82.  In *Baron Financial Corp. v. Rony Natanzon*, U.S. Dist. Court, Dist. of Maryland Baltimore Division, civil action no. SKG 03-CV-3563, 2003 U.S. Dist. Ct. Motions 688465; 2006 U.S. Dist. Ct. Motions LEXIS 51133, in a motion for summary judgment, signed and filed by Defendant Schumm on December 18, 2006, stated that ERN had filed bankruptcy, and that the  Motion for Summary Judgment was based upon the fact that ERN had already filed bankruptcy and Baron's claim had already been allowed in ERN's bankruptcy. There is no merit to Mr. Natanzon's claim that he had not breached his MOU/Rider settlement obligations as of that date.  Defendant Schumm stated, "the Bankruptcy Court's findings of fact and conclusions of law in appointing a Chapter 11 trustee are res judicata on this point since the Bankruptcy Court expressly found that Mr. Natanzon failed to operate ERN in the ordinary course of business, failed to maximize ERN's profitability, and, most particularly, failed to exercise fairness and good faith in his conduct toward Baron."

83.  In that case, Defendant Schumm relied upon res judicata in the District Court civil action based upon findings previously made in the Bankruptcy Court. Yet, in the Plaintiff Hirshauer's matter, Schumm continues to disregard the bankruptcy courts findings and rulings.  This occurred to such an extent that Bankruptcy Judge Funk stated that he "is baffled by the Maryland courts' holdings that the writs of levy established liens on the Property despite the fact that the Property was not owned by Plaintiff Hirshauer at the time the writs were entered and despite the fact that the Court found that the

Property was not fraudulently transferred". *In re: James Gerben, Jr., Debtor, Case No. 3:13-bk-1820), 2014 Bankr. LEXIS 2757 (M.D. Fla., 2014),*

84.  Defendant Schumm relied upon res judicata when it suited his purpose to do so, but dishonestly disregarded the principle of res judicata when he focused his attention upon his dishonest purposes of depriving Plaintiff Hirshauer of her property, in a violation of due process and equal protection of the law.

85.  The United States Constitution commands that "Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State." U.S. Const. Art. IV, 1.  The Constitution required Defendants and particularly Judge Ross, to give the Middle District of Florida "judgment [of no fraudulent transfer on behalf of Plaintiff] at least the res judicata effect which the judgment would be accorded in the State ..." *Durfee v. Duke*, 375 U.S. 106, 109 (1963).

86.  These same Defendants in this case were the identical litigants in Plaintiff Hirshauer's involuntary bankruptcy case in the Middle District of Florida.  Defendant's claim in that case was identical to the claim submitted to the Maryland state courts, i.e., that Plaintiff Hirshauer engaged in a fraudulent transfer of her real property to her three sons.  These Defendants alleged that in the Middle District of Florida Bankruptcy case that Plaintiff transferred 47 acres of real property on Busic Street Road to her three sons to fraudulently evade debts.  Plaintiff defended against these claims in a trial, and it was determined that she did not fraudulently transfer her real property.

87.  These Defendants were continuing this charade by fostering the belief that Plaintiffs had engaged in a fraud, when Bankruptcy Judge Funk, and District Court Judge Corrigan determined after a full and fair hearing, that Plaintiff did not engage in fraud.  Defendants participated in that trial in the Middle District of Florida, admitted testimony and evidence, and participated fully in a full and fair

hearing on the issue of fraud. All of Defendant's conduct proximately resulted in severe financial damages to the Plaintiffs, causing Plaintiffs to lose much of their real property; causing the unjust transfer of Plaintiffs' former property and which will cause further loss of property if these Defendants are not enjoined from this illegal conduct.

88. As set forth in detail above, Defendants knowingly and intentionally personally committed and agreed to commit numerous acts in defiance of the supremacy clause, the doctrine of res judicata, and collateral estoppel; which was inconsistent with their policy, practice, and custom and usage in the Maryland state courts and without which these Defendants could not have orchestrated the sale of the real property at 1211 Busic Street Road that Plaintiff did not own, to satisfy a debt allegedly owed by Plaintiff Hirshauer.

89. It is fundamentally unfair and a violation of Plaintiff's right to due process pursuant to the Fourteenth Amendment to the U.S. Constitution, to have been denied proper service and notice of deprivation of property rights, at a time when Plaintiff was dispossessed of all of his property except These Defendants joined in the conduct of Judge Ross, to deny to Plaintiffs of the equal protection of the laws for which there is no rational basis, thereby creating a class of one; and the denial to Plaintiffs of the due process of the law

90. These Defendants have enlisted the aid of Judge Ross's conduct by joining him in his actions. Defendants 'associated themselves with the unlawful legal manipulations by denying to Plaintiffs the due process of law and the equal protection of the law. These Defendants participated in them as something they wished to bring about, and that they sought, by their actions, to make the effort succeed. These Defendants associated themselves with the unlawful financial manipulations of Judge Ross. These Defendants participated in those manipulations when they engaged in specific

-24-

affirmative conduct designed to aid the conduct of Judge Ross.

91. As a direct result of the conduct of the Defendants, Plaintiffs have been deprived of the benefit of legally and properly, and without any indicia of fraud, of transferring her real property to her three sons. The result of being forced into an involuntary bankruptcy through the denial of her constitutional rights caused a sequence of problems  Through "the Bankruptcy Court, an adjunct of the U.S. District Court", working in close unity of purpose, these Defendants were unable to prove fraudulent intent on the part of Plaintiffs.

92. These Defendants manipulated the operations of the state of Maryland court system. They controlled the documents that flowed into and through the court system, and they controlled the flow and seizure of Plaintiffs' real property. The loss of Plaintiffs' real property was both foreseeable and within the contemplation of the Defendants at the time the first act of the denial of due process occurred. This conduct was done to give the appearance of regularity in the operation and management of the litigation against Plaintiffs, and was done was done to aid and abet  the scheme and artifice to defraud Plaintiffs.

93. There is a causal connection between the legally void grant of judgment in the Maryland state courts and the res judicata of the Bankruptcy Court in Florida.  The dishonest conduct engaged in between all of the Defendants in denying Plaintiffs'constitutional rights; but for that denial of due process initiated by Defendant Judge Ross and these other Defendants, Plaintiffs' injuries would  not have resulted. All of the acts,  taken together, constitute a course of conduct aimed at benefitting the Defendants by causing direct harm to the Plaintiffs.

94. Through this illegal conduct, these Defendants have permanently damaged Plaintiffs, and will continue to cause irreparable harm to Plaintiff, as Plaintiff has been severely damaged personally

and financially, as Plaintiffs were economically devastated will be further devastated by the conduct of these Defendants, resulting directly in future Plaintiffs' permanent and irreparable loss and harm.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants jointly and severally for an Order as follows:

*Declare* that Defendants' policy and custom and practice of denying Plaintiffs the right to due process of law is unconstitutional pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States;

*Declare* that Defendants' policy and custom and practice of denying Plaintiffs the right to equal protection of the law is unconstitutional pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States;

*Declare* that the Defendants have acted to prolong and extend the existing denial of due process and equal protection of the law, as established and managed by Defendants, which resulted in the Plaintiffs' deprivation of property;

**THAT** Defendants be permanently enjoined from engaging in any policy, program, or conduct which prevents the Plaintiff from possessing or owning her real property in Anne Arundel County, and protecting her Constitutional rights before the courts of the State of Maryland; **AND** for such other equitable and further relief as this Honorable Court deems appropriate.

Respectfully submitted,

*Shirley A. Hirshauer*

Shirley A. Hirshauer, pro se
Plaintiff
650 W. Pope Road - Unit 266
Saint Augustine, Florida 32080
Ph: 904-625-3309
hirshauer@gmail.com

-26-

ANNE ARUNDEL COUNTY     )    S.S.   **VERIFICATION**
STATE OF MARYLAND       )

    I, Shirley A. Hirshauer , after being duly sworn according to law, state that I am a Plaintiff in the within action, and that the statements made herein are true as I honestly believe.

_Shirley A. Hirshauer_
Shirley A. Hirshauer

SWORN TO AND SUBSCRIBED before me on this _19th_ day of March, 2015

_Sharon Panarese_
NOTARY PUBLIC
My Comm. expires 3/16/17

-27-

_(signature)_
James A. Gerben, Jr., pro se
Plaintiff
650 W. Pope Road - Unit 266
Saint Augustine, Florida 32080
Ph: 904-625-3309

_(signature)_
Randy W.  Gerben, pro se
Plaintiff
1836 Cremen Road
Pasadena, Maryland

_(signature)_
Jason W. Gerben, pro se
Plaintiff
8111 Main Creek Road
Pasadena, Maryland

ANNE ARUNDEL COUNTY          )    S.S.    **VERIFICATION**
STATE OF MARYLAND            )

    I,  Shirley A. Hirshauer ,  after being duly sworn according to law, state that I am a  Plaintiff  in the within action, and that the statements made herein are true as I honestly believe.

_(signature)_
Shirley A. Hirshauer

SWORN TO AND SUBSCRIBED before me on this **16th** day of March,  2015

_(signature)_
NOTARY PUBLIC
My Comm. Expires  3/16/17

-27-