# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SHIRLEY A. HIRSHAUER, *et al.*       :
                                      :

                                      :

      v.                          :          Civil No. CCB-15-832

                                        :

                                      :

THOMAS G. ROSS, *et al.*          :

## MEMORANDUM

Plaintiffs Shirley Hirshauer; James Gerben, Jr.; Randy Gerben; and Jason Gerben sue Judge Thomas Ross; Brook Schumm, III; the estate of Geraldine Gray; Terry Brumwell; Alice Hall; and Elizabeth O'Shea under 42 U.S.C. §1983 for claims arising out of state court proceedings in Anne Arundel County, Maryland. (Am. Compl. ¶¶ 1-2, ECF No. 42.) Hirshauer and the Gerbens claim that Queen Anne's County Circuit Court Judge Thomas Ross and the other defendants violated various federal and state constitutional provisions by "acting in concert to abrogate and nullify the decisions of the U.S. Bankruptcy Court and the U.S. District Court of the Middle District of Florida" and "taking actions in violation of the Bankruptcy Court's automatic stay provision." (*Id.*) The plaintiffs seek damages, declaratory relief, and injunctive relief. (Am. Compl. ¶ 109.) Specifically, the plaintiffs request that the "Defendants be permanently enjoined from engaging in any policy, program, or conduct which prevents the Plaintiff from possessing or owning her real property in Anne Arundel County." (Am. Compl. ¶¶ 1-2, 109.)  All defendants have filed motions to dismiss. (ECF Nos. 46, 53, 60.) Because the plaintiffs are in essence seeking appellate review in a federal district court of state court decisions in violation of *Rooker-Feldman*, this court will grant the defendants' motions to dismiss.

## BACKGROUND

The estate and children of Geraldine Gray filed a wrongful death action against Shirley Hirshauer and Cache House Assisted Living in the Circuit Court for Anne Arundel County, Maryland (the "Anne Arundel Court") in September 2004. (Am. Compl. ¶ 13.) The plaintiffs in the wrongful death case were the children of Geraldine Gray: Wanda Clemons, who also acted as representative of the estate of Geraldine Gray; Terry Brumwell; Alice Hall; Elizabeth O'Shea; Patrick Plews; Christine Laumann; Michael Gray; and Wayne Gray. (Am. Compl. ¶¶ 7, 13.) On November 5, 2004, Hirshauer transferred 47 acres of real property located on Busic Church Road in Queen Anne's County (the "Property") to her three sons, James Gerben, Jr.; Randy Gerben; and Jason Gerben (collectively, the "Gerbens"). (Am. Compl. ¶ 14.)

On July 14, 2006, the Anne Arundel Court ordered a $1.2 million judgment in favor of Gray's estate and children. (Am. Compl. ¶ 18; *see also* Schumm Mot. Dismiss Ex. 1 at 4, ECF No. 53.)[1] On July 18, 2006, Gray's children filed a complaint to avoid the transfer of the Property (the "Fraudulent Transfer Action") in the Queen Anne's County Circuit Court (the "Queen Anne's Court"), naming Hirshauer and the Gerbens as defendants. (Am. Compl. ¶ 19; *see also* Schumm Mot. Dismiss Ex. 1 at 5.) In August 2006, Hall, O'Shea, and Brumwell recorded their judgments in the Queen Anne's Court and filed requests for writ of execution on real property–levy in the Queen Anne's Court, seeking an immediate writ of execution and levy of the Property by the sheriff to satisfy their judgments against Hirshauer. (Am. Compl. ¶ 20; *see also* Schumm Mot. Dismiss Ex. 1 at 5.) The Queen Anne's Court subsequently issued an order directing the sheriff to levy the Property. (Am. Compl. ¶ 21; *see also* Schumm Mot. Dismiss Ex.

---

[1] Although the plaintiffs did not attach all prior opinions concerning the Property to their complaint, this court may take judicial notice of prior opinions related to the Property, both because they are a matter of public record and because the opinions are attached to a motion to dismiss and are "integral to the complaint and authentic." *Philips v. Pitt Cnty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir.2009).

1 at 7.) Brooke Schumm, III, an attorney in private practice, has represented Gray's estate and children in the levy actions. (Am. Compl. ¶¶  6, 53, 55, 57.)

Judge Ross held a trial in the Fraudulent Transfer Action on March 16, 2007. (Am. Compl. ¶ 25; *see also* Schumm Mot. Dismiss Ex. 1 at 10.) On July 27, 2007, Judge Ross issued an opinion (the "Fraudulent Transfer Judgment") avoiding Hirshauer's transfer of the Property as fraudulent. (Am. Compl. ¶ 27; *see also* Schumm Mot. Dismiss Ex. 5.) After the trial but before Judge Ross issued his opinion, several of the judgment creditors from the wrongful death case filed an involuntary bankruptcy petition against Hirshauer in the United States Bankruptcy Court for the Middle District of Florida ("the Bankruptcy Court"). (Am. Compl. ¶ 25; *see also* Schumm Mot. Dismiss Ex. 6.) On September 3, 2009, the Bankruptcy Court found that the Fraudulent Transfer Judgment violated the automatic stay and was not valid. (Am. Compl. ¶ 30; *see also* Schumm Mot. Dismiss Ex. 8.) The U.S. District Court for the Middle District of Florida affirmed. (Am. Compl. ¶ 33; *see also* Schumm Mot. Dismiss Ex. 10.)

On July 22, 2011, Hirshauer filed a motion in the Queen Anne's Court seeking damages against Gray's children and their attorneys for the expenses she incurred in defending lawsuits concerning the Property. (Am. Compl. ¶ 34; *see also* Schumm Mot. Dismiss Ex. 1 at 13-14.) Judge Ross denied the motion on August 3, 2011, concluding that the Anne Arundel Court's judgments were entitled to full faith and credit, and under the bankruptcy code, "the Debtor may discharge *personal liability* on those judgments, but the underlying existence of those judgments may not be disputed. No judgment in any amount was 'entered for [Hirshauer].' " (*Id.*) Judge Ross ordered that the liens on the Property remained in effect.  (Am. Compl. ¶ 35; *see also* Schumm Mot. Dismiss Ex. 1 at 14.)

On November 14, 2011, Hirshauer and the Gerbens filed a motion to vacate the Fraudulent Transfer Judgment. (Am. Compl. ¶ 36; *see also* Schumm Mot. Dismiss Ex. 11.) On December 26, 2011, Judge Ross entered an order denying the motion to vacate the Fraudulent Transfer Judgment, determining that Hirshauer's discharge "neither discharges her *in rem* liability nor, in any way, affects the personal or *in rem* liability of third parties." (Am. Compl. ¶ 37; *see also* Schumm Mot. Dismiss Ex. 1 at 16.) He also found that the judgment liens remained effective and the bankruptcy proceedings had no res judicata effect with respect to the liens. (*Id.*) Judge Ross concluded "it is unnecessary to vacate the [Fraudulent Transfer Judgment] in order to rule on these motions. The [Fraudulent Transfer Judgment] was determined by [the United States Bankruptcy Court] to have been void as violating the automatic stay. The judgment liens, however, were merely stayed, first by order of this court, and then by the bankruptcy proceedings." (Am. Compl. ¶ 37; *see also* Schumm Mot. Dismiss Ex. 1 at 17.) Hirshauer and the Gerbens filed a motion to reconsider, which Judge Ross denied on January 31, 2012. (Am. Compl. ¶¶ 38-39.)

On February 21, 2012, Hirshauer and the Gerbens appealed the December 2011 order to the Court of Special Appeals of Maryland. (Am. Compl. ¶ 40; *see also* Schumm Mot. Dismiss Ex. 1 at 18.) Because the appeal was timely filed only with respect to Judge Ross's order denying the motion for reconsideration, the appeal was dismissed as to all orders, opinions, and matters except for Judge Ross's order denying the motion for reconsideration. (*Id.*) On April 9, 2013, the Court of Special Appeals affirmed the Queen Anne's Court's order denying the motion for reconsideration. (Am. Compl. ¶ 41; *see also* Schumm Mot. Dismiss Ex. 1 at p. 28.)[2]

---

[2] The Amended Complaint states "On April 9, 2013, in a 28 page opinion, the Court of Appeals [sic] affirmed the Queen Anne's Court's order denying the Motion for Reconsideration and held that the bankruptcy court proceedings have no res judicata effect with respect to the liens." (Am. Compl. ¶ 41.)

On March 27, 2013, James Gerben, Jr. filed a Chapter 13 bankruptcy petition. (Am. Compl. ¶ 41.) In May 2013, Judge Ross stayed proceedings concerning James Gerben, Jr.'s one-third interest in the property. (Am. Compl. ¶ 42.) Thereafter, O'Shea, Hall, and Brumwell sought a sheriff's sale of the two-thirds interest in the Property of plaintiffs Randy Gerben and Jason Gerben. (Am. Compl. ¶ 43.) On October 29, 2013, the two-thirds interests were sold at the sheriff's sale. (*Id*.) Judge Ross denied "the various motions filed . . . to stop the sheriff's sale," and subsequently, on February 21, 2014, "entered Order ratifying Sheriff's sale . . . and overruling Plaintiff Hirshauer's opposition." (Am. Compl. ¶¶ 44-45.) After the sale was ratified, plaintiffs Randy Gerben's and Jason Gerben's two-thirds interest in the Property was conveyed by sheriff's deed, and Judge Ross denied another motion to stay further action. (Am. Compl. ¶46.) Hirshauer and the Gerbens appealed from that order in the Court of Special Appeals, and their appeal was dismissed on November 6, 2014. (Schumm Mot. Dismiss Ex. 13.)  On June 20, 2014, the Bankruptcy Court rejected James Gerben, Jr.'s motion for sanctions against Brumwell, O'Shea, Hall, and Schumm for violation of the automatic stay, ruling that because the validity of the liens on the Property is an issue of state law that Hirshauer and the Gerbens had litigated in Maryland state court, "[t]he Rooker Feldman doctrine precludes the Court from reviewing or revisiting the Maryland courts' determination that the writs of levy established liens on and in rem rights in the Property prior to the filing of Mrs. Hirshauer's bankruptcy petition." *In re Gerben*, No. 3:13-BK-1820-JAF, 2014 WL 2859248, at *6 (Bankr. M.D. Fla. June 20, 2014).

Hirshauer filed a separate action against the State of Maryland in the Circuit Court for Queen Anne's County alleging that Judge Ross violated her Constitutional rights and requesting the court to void all Judge Ross's orders, void the sale of the Property, and award Hirshauer $10 million. (Ross Mot. Dismiss Ex. 10, ECF No. 17.) The Queen Anne's Court granted Judge

Ross's motion to dismiss on October 9, 2014. (Ross Mot. Dismiss Ex. 14.) Hirshauer appealed,

and on June 24, 2015, the Maryland Court of Special Appeals dismissed her appeal because she

failed to file a conforming brief. (Ross Mot. Dismiss Am. Compl. Ex. 2, ECF No. 46.)

On April 7, 2015, the Bankruptcy Court ordered that the automatic stay provision

concerning James Gerben, Jr.'s one-third interest in the Property was no longer in effect. (Am.

Compl. Ex. 4 at 7-8.) The remaining one-third of the Property is scheduled to be sold by sheriff's

sale on August 26, 2015. (ECF No. 72.) On August 11, 2015, Hirshauer filed a motion for an

expedited hearing on the motion for a restraining order and preliminary injunction (ECF No. 72),

which the defendants have opposed.

## ANALYSIS

All defendants have raised the *Rooker–Feldman* doctrine as a bar to the present lawsuit.

Because the *Rooker–Feldman* doctrine is jurisdictional, the court addresses this issue first.

*Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir.2002). The *Rooker-Feldman* doctrine

applies "when the loser in state court files suit in federal district court seeking redress for an

injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp*.,

434 F.3d 712, 713 (4th Cir. 2006). Under the *Rooker–Feldman* doctrine, " 'lower federal courts

generally do not have [subject-matter] jurisdiction to review state-court decisions.' " *Safety–*

*Kleen, Inc. v. Wyche*, 274 F.3d 846, 857 (4th Cir.2001) (alteration in original) (quoting *Plyler v.*

*Moore*, 129 F.3d 728, 731 (4th Cir.1997)). The doctrine "precludes not only review of

adjudications of the state's highest court, but also the decisions of its lower courts." *Jordahl v.*

*Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir.1997). "The *Rooker–Feldman* bar extends

not only to issues actually decided by a state court but also to those that are 'inextricably

intertwined with questions ruled upon by a state court.' " *Shooting Point, L.L.C. v. Cumming*,

368 F.3d 379, 383 (4th Cir.2004) (quoting *Plyler*, 129 F.3d at 731). A federal claim is

"inextricably intertwined" if "success on the federal claim depends upon a determination that the

state court wrongly decided the issues before it." *Id.* (quotation marks omitted). Under the

*Rooker–Feldman* doctrine, " '[a] party losing in state court is barred from seeking what in

substance would be appellate review of the state judgment in a United States district court, based

on the losing party's claim that the state judgment itself violates the loser's federal rights.' "

*Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir.2000) (quoting *Johnson v. De

Grandy*, 512 U.S. 997, 1005–06 (1994)).

      In this case, Hirshauer and the Gerbens are essentially seeking federal appellate review of

state court decisions. The injuries they complain of, the liens on and sale of the Property, were

caused by prior state court judgments. Their request "that Defendants be permanently enjoined

from engaging in any policy, program or conduct which prevents the Plaintiff from possessing or

owning her real property in Anne Arundel County" requires invalidation of the state courts'

determination that the writs of levy established liens on and in rem rights in the Property prior to

Hirshauer's bankruptcy petition and therefore the Property could be sold by sheriff's sale.

Because Hirshauer and the Gerbens bring a federal action to contest issues that were previously

litigated and decided against them in the Circuit Court for Queen Anne's County and the

Maryland Court of Special Appeals, their allegations in federal court are "inextricably

intertwined" with state court decisions, and the *Rooker-Feldman* doctrine bars their claims.

      The *Rooker-Feldman* doctrine applies even though Hirshauer and the Gerbens failed to

join all of the defendants in one state court action prior to this case. A defendant in a federal

proceeding who was not a party in the prior state court proceeding can invoke *Rooker-Feldman*

against a plaintiff who was a party in the state court litigation, as long as the claims raised in

federal court are "inextricably intertwined" with the prior state court action. *See Tal v. Hogan*,

453 F.3d 1244, 1257 (10th Cir.2006) (noting a state court loser's "addition of new defendants in

federal court . . . does not change the nature of the underlying state court ruling"); 18B Charles

Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice And Procedure* § 4469.1,

at 137 & n. 59 (2d ed. 2002) ("It has been found that even if nonmutual preclusion were not

available, a nonparty [to the prior state court proceedings] can invoke the rule that a party to the

state action cannot invoke federal jurisdiction to seek indirect review of a state judgment."). The

plaintiffs previously litigated their claims in Maryland state court, and under *Rooker-Feldman*,

they cannot seek redress in federal court for harms caused by those decisions. The court lacks

subject matter jurisdiction over their claims, and the case must be dismissed.[3]

## CONCLUSION

For the reasons stated above, the *Rooker–Feldman* doctrine bars the claims of Hirshauer

and the Gerbens, and the court therefore lacks subject matter jurisdiction over this case.

Accordingly, the court will grant the defendants' motions to dismiss.

A separate order follows.


August 25, 2015                                   /S/_____
Date                                              Catherine C. Blake
                                                  United States District Judge

---

[3] Accordingly, the court will not address the other defenses that may be applicable in this case.